UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT BRIAN CRIM,

    Plaintiff,

vs.   Case No. 2:09-cv-736-FtM-29SPC

RAMIRO MANALICH, Judge, an individual; DAVID ROBERT WEISSE, Esq, an individual; HARRY HEIST, Esq, an individual; BAYSHORE of NAPLES, L.P., an Indiana Company; ARBORETUM DEVELOPMENT, LLC, a Florida company; THE CLERK OF COURTS FOR THE TWENTIETH JUDICIAL CIRCUIT, STATE OF FLORIDA; UNKNOWN NAMED EMPLOYEE OF THE CLERK OF COURTS for the TWENTIETH JUDICIAL CIRCUIT, STATE OF FLORIDA,

    Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on review of the file and Defendant, the Honorable Ramiro Mañalich's Amended Motion to Dismiss the Complaint (Doc. #21) filed on February 25, 2010. No response was filed, and the time to respond has expired. While the motion has not been opposed, it may only be granted if defendant is entitled to dismissal under the appropriate legal standards.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Christopher v. Harbury, 536 U.S.

403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). See also Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). The Court need not accept as true legal conclusions or mere conclusory statements. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). The Court may consider documents which are central to plaintiff's claim whose authenticity is not challenged, whether the document is physically attached to the complaint or not, without converting the motion into one for summary judgment. Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005). The Court may also consider matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). Because plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

## II.

The Complaint (Doc. #1) was filed on November 6, 2009. Plaintiff sent Notice of a Lawsuit and Request to Waive Service of

a Summons forms to each of the defendants on or about November 20, 2009.  Only defendant Judge Ramiro Mañalich (Judge Mañalich) signed and filed the Notice of Waiver of Service of Summons (Doc. #14), and the record reflects no attempts to formally serve process on the remaining defendants.  Under Fed. R. Civ. P. 4(m), the Court ". . . after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Plaintiff will be provided an opportunity to show cause why the other defendants should not be dismissed for failure to serve process in a timely fashion.

**III.**

The Complaint alleges violations of plaintiff's federal rights pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that he was deprived of his right to occupy an apartment home in Collier County without due process of law, and challenges the constitutionality of Florida Statute Sections 83.58 and 83.60(2) as being void under the Fourteenth and Fourth Amendments.

More specifically, plaintiff alleges that defendant Arboretum Development, LLC (Arboretum) and defendant Bayshore of Naples, L.P. (Bayshore), the owners of the subject apartment complex, are attempting to develop a mixed-use residential and commercial project to be known as Arboretum Village.  The development required

public hearings, including a quasi-judicial hearing before County Commissioners. Plaintiff asserts that he and other tenants of the apartment complex did not receive notice of the public hearing on the development proposal, and yet the proposal was ultimately approved. The development proposal called for tearing down the apartments rather than a conversion to condominiums. Pursuant to the improperly approved development proposal, Bayshore and Arboretum started eviction proceedings against the tenants, including plaintiff.

In mid-summer 2007, plaintiff was informed by Bayshore that the apartment complex would be closing on October 1, 2007, and that his apartment would have be vacated. On or about September 5, 2007, plaintiff stated in writing that he would not vacate the premises because he was exercising his "Roth rights." On or about September 28, 2007, plaintiff submitted a rent check for the month of October 2007, which was rejected and returned. Bayshore and Arboretum then sought to evict plaintiff through court proceedings.

On October 5, 2007, a complaint for writ of possession was filed in state County Court, and the case was assigned to Judge Mañalich. On October 16 or 17, 2007, plaintiff filed an answer and affirmative defenses to the complaint, and a counterclaim asserting an amount in controversy exceeding $15,000.00 for the violation of plaintiff's rights under Fla. Stat. § 718.612. Plaintiff asserts that the amount in controversy associated with the counterclaim

immediately deprived Judge Mañalich of jurisdiction over the case, but that Judge Mañalich nonetheless proceeded to handle the case. In due course, Judge Mañalich issued the writ of possession, granted a motion for default, and entered default judgment. The final default judgment was entered on October 30 or 31, 2007, but the counterclaim was left unresolved pending transfer to the circuit court. Judge Mañalich denied plaintiff's motions for post-judgment relief. Plaintiff filed an appeal in state court, which was unsuccessful. On November 6, 2007, the writ was executed by Collier County Sheriff's Office deputies and plaintiff was evicted from the apartment.

In the federal Complaint, plaintiff sets forth three counts. Plaintiff seeks money damages, including punitive damages, injunctive relief, and declaratory relief regarding the unconstitutionality of two Florida Statutes, as well as costs and attorney fees.

**IV.**

The Complaint seeks relief against Judge Mañalich in his individual capacity pursuant to 42 U.S.C. § 1983. Judge Mañalich seeks dismissal of the Complaint on several grounds, including judicial immunity. For the reasons set forth below, all claims against Judge Mañalich are dismissed with prejudice.

**A. Claims for Money Damages:**

It is well established that a judge is entitled to absolute judicial immunity for claims of money damages. <u>Mireles v. Waco</u>, 502 U.S. 9 (1991). This judicial immunity can be overcome in only two circumstances: "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. [ ] Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." <u>Mireles</u>, 502 U.S. at 11-12 (internal citations omitted). <u>See also</u> <u>Simmons v. Conger</u>, 86 F.3d 1080, 1084 (11th Cir. 1996). Thus, the rule is that judges are "entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." <u>Bolin v. Story</u>, 225 F.3d 1234, 1239 (11th Cir. 2000)(internal citation and quotation omitted).

"[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." <u>Stump v. Sparkman</u>, 435 U.S. 349, 362 (1978). "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending

before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005).

The Complaint alleges that Judge Mañalich was the county court judge assigned to hear a complaint filed against plaintiff for a writ of possession of the apartment, i.e., an eviction proceedings. (Doc. #1, ¶¶ 47-49.) The Complaint alleges that Judge Mañalich "proceeded to judgment" and awarded a writ of possession to the plaintiffs in the state court case. (Id. at ¶ 55.) The Complaint further alleges that Judge Mañalich granted a "motion for default and a default judgment and awarded writ of possession" and "denied all Plaintiff's efforts to obtain reconsideration upon the absurd ruling." (Id. at ¶ 66.) All these actions easily satisfy all of the requirements and qualify as actions taken by a judge within his judicial capacity. Therefore the first requirement for judicial immunity is satisfied.

The Complaint alleges that Judge Mañalich and the county court were deprived of jurisdiction once plaintiff filed a counterclaim in excess of $15,000 in response to the petition for a writ of possession of the apartment. (Doc. #1, ¶¶ 53, 54.) For purposes of the motion to dismiss, the Court assumes this is true. Fla. R. Civ. P. 1.170(j) provides that "the action shall be transferred forthwith" when the "demand in a county court exceeds the jurisdiction of the court in which the action is pending." When a

transfer is made pursuant to Rule 1.170(j), the entire action is transferred. A-One Coin Laundry Equip. Co. v. Waterside Towers Condo. Ass'n, Inc., 561 So. 2d 590 (Fla. 3d DCA 1990).

The law provides judicial immunity unless the judge acts in the clear absence of all jurisdiction. Mireles, 502 U.S. at 11. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Stump, 435 U.S. at 356-57 (internal quotation marks omitted); Sibley, 437 F.3d at 1070. This test is only satisfied if a judge completely lacks subject-matter jurisdiction. Dykes v. Hosemann, 776 F.2d 942 (11th Cir. 1985) (en banc). In applying this rule, "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." Stump, 435 U.S. at 356.

A county court judge who continues to act in an eviction proceeding after the state court defendant files a counterclaim exceeding the jurisdictional amount of county court does not act in the absence of all subject-matter jurisdiction. Subject-matter jurisdiction is conferred on a Florida court by the state constitution and applicable statutes. Lovett v. Lovett, 112 So. 768, 775 (1927). Article V, Section 6(b) of the Florida Constitution provides that county courts shall "exercise the
-8-

jurisdiction prescribed by general law." In turn, Section 34.011, Florida Statutes, provides that:

> (2) The county court shall have exclusive jurisdiction of proceedings relating to the right of possession of real property and to the forcible or unlawful detention of lands and tenements, except that the circuit court also has jurisdiction if the amount in controversy exceeds the jurisdictional limits of the county court or the circuit court otherwise has jurisdiction as provided in s. 26.012. [ ]

Fla. Stat. § 34.011(2). As such, at worst the judge acts in excess of his or her actual jurisdiction, not in the absence of all jurisdiction.

Because Judge Mañalich's actions were taken within his judicial capacity and he did not act in the clear absence of all jurisdiction, he was entitled to judicial immunity as to all claims for money damages.

**B. Claim for Injunction:**

Plaintiff also seeks injunctive relief in the form of a writ of possession to his former apartment sufficient to restore the *status quo ante*, including the requirements that the owners restore the buildings and lands to their previous condition. (Doc. #1, "Prayer".) Principles of judicial immunity does not bar prospective injunctive relief against a state judicial officer acting in his or her judicial capacity. Pulliam v. Allen, 466 U.S. 522, 541-42 (1984). Simply because prospective injunctive relief is available against a judge does not, however, mean that such equitable relief is appropriate. Simmons, 86 F.3d at 1085.

Section 1983 was amended in 1996 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Since neither of these requirements are present, plaintiff fails to state a claim against Judge Mañalich for injunctive relief. Additionally, plaintiff is not eligible for injunctive relief because he had an adequate remedy at law-namely, the right to appeal to the state appellate courts and to petition the Supreme Court for *certiorari*. Bolin, 225 F.3d at 1243; Sibley, 437 F.3d at 1073-74. Furthermore, to the extent that the injunction plaintiff seeks would effectively interfere with the state court's judicial process or overturn state court decisions on the merits, a federal district court lacks jurisdiction under principles of Younger v. Harris, 401 U.S. 37 (1971), or the Rooker[1]-Feldman[2] doctrine, Hollins v. Wessel, 819 F.2d 1073 (11th Cir. 1987), or both.

**C. Claim for Declaratory Judgment:**

Plaintiff seeks a declaratory judgment that two Florida statutes are unconstitutional and void for overbreadth. (Doc. #1, "Prayer".) The proper defendant in such a claim is the State of

---

[1] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

[2] District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

Florida official in the executive branch who, by virtue of his or her office, is responsible for a challenged action and has some connection to the unconstitutional act at issue. Women's Emergency Network v. Bush, 323 F.3d 937, 949 (11th Cir. 2003)(citing Luckey v. Harris, 860 F.2d 1012, 1015-16 (11th Cir. 1988)(citing Ex parte Young, 209 U.S. 123 (1908))). A judicial officer is not such a person. Chancery Clerk of Chickasaw County, Miss. v. Wallace, 646 F.2d 151, 160 (5th Cir. 1981)[3]. Therefore, the Complaint fails to state a claim for declaratory relief as to Judge Mañalich.

Accordingly, it is now

**ORDERED**:

1. Defendant, the Honorable Ramiro Mañalich's Motion to Dismiss the Complaint (Doc. #20) is **DENIED** as moot.

2. Defendant, the Honorable Ramiro Mañalich's Amended Motion to Dismiss the Complaint (Doc. #21) is **GRANTED** and defendant Ramiro Mañalich is dismissed with prejudice. The Clerk shall withhold the entry of dismissal until the conclusion of the case but terminate this defendant on the docket.

3. Plaintiff shall show cause within **FOURTEEN (14) DAYS** of this Order why all remaining named defendants, except Judge Ramiro Mañalich, should not be dismissed pursuant to Fed. R. Civ. P. 4(m)

---

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

for failure to perfect timely service of process.  **The failure to respond to this Opinion and Order will result in a dismissal of the remaining defendants without prejudice, without further notice.**

  **DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of July, 2010.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Parties of record