UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT BRIAN CRIM,

                          Plaintiff,

-vs-                                                Case No.   2:09-cv-736-FtM-29SPC

RAMIRO MANALICH, Judge, an individual;
DAVID ROBERT WEISSE, Esq, an individual;
HARRY HEIST, Esq, an individual; BAYSHORE
of NAPLES, L.P., an Indiana Company;
ARBORETUM DEVELOPMENT, LLC, a Florida
company; THE CLERK OF COURTS FOR THE
TWENTIETH JUDICIAL CIRCUIT, STATE OF
FLORIDA; UNKNOWN NAMED EMPLOYEE
OF  THE CLERK OF COURTS for the
TWENTIETH JUDICIAL CIRCUIT, STATE OF
FLORIDA,

                          Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on Motion for Leave to Proceed *In Forma Pauperis* (Doc. #31) filed on January 11, 2011. On November 6, 2009, Plaintiff *pro se* filed the instant action. Plaintiff sent Notice of a Lawsuit and Request to Waive Service of a Summons forms to each of the Defendants on or about November 20, 2009.  Only Defendant Judge Mañalich signed and filed the Notice of Waiver of Service of Summons (Doc. #14), and the record reflects no attempts to formally serve process on the remaining Defendants.  Judge Manalich was dismissed from this action with prejudice on July 13, 2010.  (Doc. #22).  In that Order, the District Court allowed Plaintiff 14 days

to show cause why all remaining named Defendants, except Judge Mañalich, should not be dismissed pursuant to Fed. R. Civ. P. 4(m) for failure to perfect timely service of process.

The District Court's Order directing that Plaintiff perfect service was entered over six months ago. Since that time, Plaintiff has moved to extend the time for service and has still failed to perfect service on the remaining Defendants. Twice the District Court issued orders to show cause because Plaintiff had failed to perfect service by a deadline previously set by the Court. In a January 4, 2011 Order to Show Cause issued by the District Court, Plaintiff was informed that he was being provided one opportunity to demonstrate why the case should not be dismissed for failure to perfect service of process on the remaining Defendants. (Doc. #30). In that Order, the District Court stated that "having provided plaintiff the opportunity to seek indigent status, more than once, the lack of funds to execute service of process will not be accepted as good cause." (Doc. #30). Plaintiff had previously been informed on November 30, 2010, that if he wished to proceed as an indigent, he must file an affidavit in support. (Doc. #29).

Plaintiff has now filed the instant Motion for Leave to Proceed *In Forma Pauperis*. Plaintiff states that he is lacks funds to perfect service on the remaining Defendants. The undersigned has reviewed the financial affidavit and the information provided therein. Plaintiff previously paid the $350.00 filing fee when he filed this case, but states that he is now unable to pay for the service on the remaining Defendants. Thus, he is moving now for service of process on the remaining Defendants without payment.

The Plaintiff seeks to proceed *in forma pauperis* under 28 U.S.C. §1915, which states in pertinent part, "any Court of the United States may authorize the commencement...of any suit, action or proceeding....without prepayment of fees and costs..., by a person who makes affidavit that he/she

is unable to pay such costs..." Based on a review of the financial information that Plaintiff has provided, the undersigned recommends that Plaintiff's Motion be denied. Plaintiff stated in his Affidavit that he contacted a process server who would serve process on the remaining Defendants for $20 each. (Doc. #31, pp.8-9). His Affidavit reveals that he has assets and access to other monies that Plaintiff could use to pay such a fee. Further, the District Court stated in its previous Order that "the lack of funds to execute service of process will not be accepted as good cause."

Accordingly, it is now

**RECOMMENDED:**

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. #31) should be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended at Fort Myers, Florida, this ___13th___ day of January, 2011.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE


Copies: All Parties of Record