```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION


ROBERT BRIAN CRIM,

                     Plaintiff,

vs.                                    Case No.  2:09-cv-736-FtM-29SPC

RAMIRO    MANALICH,    Judge,    an
individual; DAVID ROBERT WEISSE,
Esq, an individual; HARRY HEIST,
Esq, an individual; BAYSHORE of
NAPLES, L.P., an Indiana Company;
ARBORETUM    DEVELOPMENT,    LLC,    a
Florida company; THE CLERK OF COURTS
FOR THE TWENTIETH JUDICIAL CIRCUIT,
STATE OF FLORIDA; UNKNOWN NAMED
EMPLOYEE OF  THE CLERK OF COURTS for
the  TWENTIETH  JUDICIAL  CIRCUIT,
STATE OF FLORIDA,

                    Defendants.
_____
```

**OPINION AND ORDER**

In an Order (Doc. #29) issued on November 30, 2010, the Court granted plaintiff an additional thirty days to serve process on the remaining unserved defendants in this case.  Plaintiff failed to do so, and the Court entered an Order to Show Cause (Doc. #30) on January 4, 2011, directing plaintiff to show cause why the case should not be dismissed.  In that Order, the Court stated: "Having provided plaintiff the opportunity to seek indigent status, more than once, the lack of funds to execute service of process will not be accepted as good cause."  (Doc. #30, pp. 1-2.)  In response,

plaintiff filed a Motion for Leave to Proceed Further in Forma Pauperis and to Have the Complaint Served by the Marshal and incorporated Affidavit (Doc. #31).

On January 13, 2011, the assigned magistrate judge filed a Report and Recommendation (Doc. #32) recommending that Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. #31) should be denied.  Plaintiff, proceeding *pro se*, file an Exception to Magistrate's Report (Doc. #33), which the Court construes as an objection to the Report and Recommendation.

The Court finds that plaintiff has not demonstrated good cause why the case should not be dismissed as to the unserved defendants. Additionally, the Court also finds that plaintiff's *in forma pauperis* motion does not provide the required good cause.  The Report and Recommendation will be accepted.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009).  This requires that the district judge "give fresh consideration to those

issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

The pertinent provisions of Section 1915(a)(1) provide that a district court may authorize the commencement, prosecution or defense of any civil action without prepayment of fees by a person who submits "an affidavit that includes a statement of all assets such prisoner possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Despite the statute's use of the phrase "prisoner possesses," the affidavit requirement applies to all persons requesting leave to proceed *in forma pauperis*. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 (11th Cir. 2004). As the Eleventh Circuit has stated,

> When considering a motion filed pursuant to § 1915(a), the only determination to be made by the court ... is whether the statements in the affidavit satisfy the requirement of poverty. [ ] An affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is absolutely destitute to qualify for indigent status under § 1915. [ ] Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents. [ ] In other words, the statute is not to be construed such that potential litigants are forced to become public charges or abandon their claims because of the filing fee requirements. . . . The district court must provide a

>     sufficient explanation for its determination on IFP
>     status to allow for meaningful appellate review.

Martinez, 364 F.3d at 1307 (internal quotation marks and citations omitted).  The Report and Recommendation found that a review of the financial information provided by plaintiff showed that a process server would serve process on the remaining defendants for $20 each, and that plaintiff's affidavit revealed assets and access to other monies which could be used to pay the service fees.  After considering plaintiff's objection, the Court finds that the record establishes both that the *in forma pauperis* motion should be denied and that, in any event, plaintiff has failed to demonstrate good cause why the Court should not dismiss the action as to the unserved defendants, and therefore the case.

Accordingly, it is now

**ORDERED**:

1.  The Report and Recommendation (Doc. #32) is **ACCEPTED AND ADOPTED** by the Court.

2.  Plaintiff's Motion for Leave to Proceed Further in Forma Pauperis and to Have the Complaint Served by the Marshal (Doc. #31) is **DENIED.**

3.  Plaintiff has failed to show cause, pursuant to the Order to Show Cause (Doc. #30), and therefore the case as to all remaining defendants is **DISMISSED** without prejudice.

4. The Clerk of the Court shall enter judgment accordingly, and as provided in the July 13, 2010 Opinion and Order (Doc. #22) as to defendant Ramiro Manalich, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __11th__ day of February, 2011.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Robert Brian Crim